**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RICHARD WALTER JOHNSON,

Petitioner-Appellant,

v.

GALE A. NORTON, PETER
WARREN BOOTH, GILBERT
MARTINEZ, JOHN WESLEY
ANDERSON, and ATTORNEY
GENERAL FOR THE STATE
OF COLORADO,

Respondents-Appellees.

No. 98-1101
(D.C. No. 98-D-27)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **ANDERSON** , **BARRETT** , and **TACHA** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Petitioner Richard Walter Johnson applies for a certificate of appealability so that he might appeal the district court's dismissal of his petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.  He further requests permission to proceed on appeal without prepayment of costs or fees.  For the reasons stated below, we deny the application for a certificate of appealability and dismiss the appeal. We further deny permission to proceed on appeal without prepayment of costs or fees.

Mr. Johnson is incarcerated in the El Paso County Jail in Colorado Springs, Colorado.  It appears from his § 2254 petition that his conviction was affirmed by the Colorado Court of Appeals but that Mr. Johnson did not further appeal that judgment to the Colorado Supreme Court.  He did file for state post-conviction relief, but again failed to appeal the denial of that petition to the highest state court having jurisdiction over it.  For these reasons, the district court denied Mr. Johnson's petition for failure to exhaust state remedies.    See Rose v. Lundy , 455 U.S. 509, 515 (1982);    see also  28 U.S.C. § 2254(b)(1).

We review the legal basis for the district court's dismissal of Mr. Johnson's § 2254 petition de novo.    See Jackson v. Shanks  , 143 F.3d 1313, 1317 (10th Cir. 1998).  After review of the materials submitted by Mr. Johnson and the record in

this case, we find no fault with the order of the district court.  Mr. Johnson's

application for a certificate of appealability is DENIED because he has failed to

make a substantial showing of the denial of a constitutional right.          See 28 U.S.C.

§ 2253(c)(2).  His requests to proceed on appeal without prepayment of costs or

fees and for rehearing and release pending appeal are similarly DENIED.

    This appeal is DISMISSED.  The mandate shall issue forthwith.


          Entered for the Court


          James E. Barrett
          Senior Circuit Judge